Middleton of such discontinuance was necessary. The next day, the 15th day of June, was the day of the last adjournment; and the counsel for the petitioning creditor supposed that by not appearing on that day the case would be in effect dismissed, and they so informed Mr. Middleton. It is true, that on the 19th day of October, a formal order of discontinuance was entered. Mr. Vorhees, the attorney of the petitioning creditor, thought no such order was necessary. Mr. Browning, his associate counsel, thought it would be better that such an order should be made; and Mr. Vorhees testifies that on the 18th of October, the day before the order was made, Mr. Middleton came into his office, and asked him if the bank was going to take any proceedings against them the next day, and that he told him the bank would do nothing more against him except to discontinue the proceedings, and that he had been to Trenton on the Friday previous for that very purpose. The idea, then, of bad faith on the part of the petitioning creditor, or that proceedings were kept alive until they could place themselves in a more advantageous position, and were then discontinued without the knowledge of the debtor, and in such a way as to prevent the other creditors from availing themselves of the provisions of the 42d section of the act, is wholly disproved. If any other creditor wished to have himself substituted in place of the petitioning creditor he ought to have appeared on the day of the last adjournment; and then, if the petitioning creditor did not "appear and proceed," any other creditor "to the required amount," might have presented his petition, and the court would have proceeded to adjudicate upon it, "without requiring a new service or publication of notice to the debtor." On that day the petitioning creditor did not "appear and proceed," and the understanding with the debtor was, that this would be equivalent to a discontinuance. No other creditor then appeared and presented his petition, and the consequence was, that there was an end to all further proceedings. I do not see that the case is altered at all by the fact that on the 19th day of October, out of abundant caution, a formal order of dismissal was made and entered. Such order may or may not have been necessary, but it certainly cannot be said to have been improvidently made. If it was not necessary, then the proceedings were discontinued by the failure of the petitioning creditor to "appear and proceed" on the 15th of June, the day of the last adjournment. If it was necessary, the petitioning creditor was entitled to apply for it whenever he thought proper to do so, and he was not bound to give notice of the application to the other creditors. As I have said before, they were no parties to the proceedings; and the only right they had was, in case the petitioning creditor did not appear and proceed on the day to which the last adjournment was

made, to file their petition, and ask to be substituted in place of the petitioning creditor. The rule to show cause is discharged.

---

CAME (COLLENDER v.). See Case No. 2,-999.

---

## Case No. 2,339.

### CAMELLOS v. REVEREZ.

[1 Cranch, C. C. 62.] [1]

Circuit Court, District of Columbia. Jan. Term, 1802.

#### DISCHARGE OF INSOLVENT—FRAUD.

Upon proof of fraud, the court will refuse to permit the debtor to take the insolvent oath under the law of Virginia.

THE COURT refused to permit the plaintiff to take the insolvent oath, under the law of Virginia, on proof of his fraud in running away from the Havannah, and secreting property to the amount of $6,000.

---

CAMELLOS (REVEREZ v.). See Case No. 11,717.

CAMERON (ALLER v.). See Case No. 243.

---

## Case No. 2,340.

### CAMERON v. CANIEO et al.

[9 N. B. R. (1874) 527.] [2]

District Court, S. D. Ohio.

#### JURISDICTION IN BANKRUPTCY.

1. A filed a petition to have the firm of D. & Co. adjudged bankrupts, alleging, as an act of bankruptcy, that two notes executed by the firm at Cincinnati, Ohio, had remained unpaid for more than fourteen days.

2. The members of the firm plead separately to the jurisdiction of the court, alleging that the domicil and only place of business of the firm was in the district of Michigan, and that they had no location, domicil or place of business in the southern district of Ohio. It was proved that one of the partners resided in the southern district of Ohio. *Held*, that the only court having jurisdiction was the United States district court of Michigan.

[Cited in Re Jewett, Case No. 7,306.]

In bankruptcy. W. M. Cameron filed his petition to have the firm of John Canieo & Co. adjudged bankrupts, on the ground that two notes, executed by the firm at Cincinnati, Ohio, had remained unpaid for more than fourteen days. The members of the firm plead separately to the jurisdiction of the court, alleging that the domicil and only place of business of the firm was in the district of Michigan, near the mouth of Saginaw river, and that said firm had no location, domicil or place of business in the southern district of Ohio. That said firm was, and is,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reprinted by permission.]